IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DANIEL NELSON | ) | |
| | ) | |
| v. | ) | NO: 3:17-01270 |
| | ) | |
| TONY PARKER, et al. | ) | |

**TO:** Honorable Aleta A. Trauger, District Judge

R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 8, 2018 (Docket Entry No. 8), the Court referred this prisoner civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Daniel Nelson ("Plaintiff") filed this lawsuit *pro se* and *in forma pauperis* on September 15, 2017, while confined as an inmate at the Morgan County Correctional Complex ("MCCC") in Wartburg, Tennessee. He seeks relief under 42 U.S.C. § 1983 based on allegations that the conditions of his confinement at the MCCC violate his Eighth Amendment rights. *See* Complaint (Docket Entry No. 1).

Upon the initial screening of the complaint under 28 U.S.C. § 1915(e)(2) and 1915A, the Court found that Plaintiff alleged arguable claims against six defendants at the MCCC and directed that the Clerk send Plaintiff service packets. *See* Docket Entry No. 8. Plaintiff was ordered to complete the service packets and return them to the Clerk's Office within twenty-eight (28) days of the date of receipt of the order and was forewarned by the Court that his failure to timely return the service packets could jeopardize his prosecution of the action. *Id*. The docket reflects that the

service packets were sent to Plaintiff by the Clerk's Office on March 8, 2018. However, Plaintiff has not returned completed service packets to the Clerk's Office. The docket also reflects that Plaintiff has not contacted the Court in any manner since filing an amended application to proceed *in forma pauperis* on October 23, 2017. *See* Docket Entry No. 6.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the defendant be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by Plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return completed service packets evidences his disregard of the Court's directives and has prevented process from being issued in this lawsuit. Because Defendants have not been served with process within the time period set out in Rule 4(m), this action should be dismissed.

## RECOMMENDATION

For the reasons set out above, the Court respectfully RECOMMENDS this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1). A failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to objections must be filed within fourteen (14) days of service of the objections. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.03(b)(1).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge